NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3548

_____

UNITED STATES OF AMERICA

v.

FITZGERALD HORTON,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-12-cr-00228-001)
District Judge:  Honorable Mary A. McLaughlin

_____

Submitted under Third Circuit LAR 34.1(a)
on July 8, 2015

Before: FUENTES, SLOVITER and ROTH, <u>Circuit Judges</u>

(Opinion filed: January 22, 2016)

_____

OPINION[*]

_____

ROTH, <u>Circuit Judge</u>

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Fitzgerald Horton appeals the judgment of the District Court, claiming error in the denial of his motion to suppress and in its application of two upward sentencing enhancements. For the reasons that follow, we will affirm.

**I.**

On June 6, 2013, a grand jury in the Eastern District of Pennsylvania indicted appellant, Fitzgerald Horton, on 11 counts of using or inducing a child to pose for child pornography images,[1] one count of distribution of child pornography,[2] and one count of possession of child pornography.[3] Prior to trial, Horton moved to suppress images and videos taken from his Motorola Blur cell phone, alleging that his cell phone did not fall within the scope of the warrant issued. The District Court held a hearing on the motion, and denied it.

The case proceeded to trial and on August 23, 2013, a jury returned a verdict, convicting Horton of 10 counts of using or inducing a child to pose for child pornography images and one count of possession of child pornography. The District Court sentenced Horton to 36 months on the possession count and 240 months on the remaining 10 counts, to be served consecutively, resulting in a sentence of 276 months' imprisonment. Horton appealed.

---

[1] 18 U.S.C. § 2251(a).
[2] 18 U.S.C. § 2252(a)(2).
[3] 18 U.S.C. § 2252(a)(4)(B).

## II.[4]

We first address Horton's challenge to the District Court's denial of his motion to suppress. The government's warrant in Horton's case authorized officers to search for and seize "[a]ll computer hardware, including, but not limited to, any equipment which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical or similar computer impulses or data." Officers were also permitted to seize "internal and peripheral storage devices" used to store computer data. The warrant application was supported by information gathered from an undercover investigation of activity on ARES, an internet-based file sharing program used for sharing child pornography. Officers were able to trace to Horton's home address the Internet Protocol (IP) address of a computer that had shared a file to other ARES users, containing images of child pornography.

Horton does not challenge the validity of the government's warrant, nor even the existence of probable cause to search his cell phone. His sole argument is that the plain terms of the government's warrant did not authorize the search and seizure of his cell phone. Nowhere does Horton argue that his cell phone is *not* "computer hardware," as it is defined in the warrant. Rather, Horton's argument rests on the fact that the warrant does not specifically list Horton's cell phone as an item to be seized. In support of this argument, Horton treats the cell phone with the reverence of a separate dwelling, the

---

[4] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review a District Court's denial of a motion to suppress for clear error as to findings of fact and exercise plenary review over the District Court's application of the law to those facts. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

invasion of which implicates an individual's privacy in a more significant way than a comparable search of "a cigarette pack, a wallet, or a purse."[5]  Thus, Horton reasons that upholding the search of his cell phone violates the requirement that a warrant "particularly describ[e] the place to be searched and the persons or things to be seized,"[6] because it amounts to a search of an entirely separate "conceptual dwelling."

Horton's argument fails for several reasons.  The warrant, as written, defines "computer hardware" broadly.  Horton does not and cannot argue that his cell phone is not "computer hardware" as it is defined in the warrant, which includes "*any* equipment" (emphasis added) capable of transmitting computer data.  Additionally, the particularity requirement is satisfied:  the basis for probable cause in the government's warrant application was the existence of an electronic file containing child pornography, and while this file may have been initially traced to Horton's computer, the scope of a lawful search is "defined by the object of the search and the places in which there is probable cause to believe that it may be found."[7]  The language of the warrant reflects an awareness that, because electronic data can reside on multiple devices, a comprehensive search would include not only Horton's computer, but also any devices capable of storing or transmitting computer data.  Horton's concerns about invading the privacy of a separate "conceptual dwelling" are inapposite when there is probable cause to search the second "dwelling" and doing so is within the plain terms of the warrant.

**III.**

---

[5] *Riley v. California*, 134 S. Ct. 2473, 2488-89 (2014).
[6] U.S. Const. amend. IV.
[7] *United States v. Ross*, 456 U.S. 798, 824 (1982).

We next turn to Horton's contention that the District Court wrongfully imposed two upward sentencing enhancements.[8]  Horton's ten inducement counts and one possession count are governed by separate sections of the Federal Sentencing Guidelines, and thus are eligible for separate enhancements.  Horton challenges two of these enhancements in particular.  The first, "the vulnerable victim" enhancement,[9] was applied to Horton's ten inducement counts.  The enhancement may apply if the defendant knew or should have known that a victim of the offense was "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct."[10]  Horton's counts of using or inducing a child to pose for child pornography images stem from pictures Horton took of his 12-year-old stepdaughter's genitals while she was asleep.  The government sought the vulnerable victim enhancement here because the victim, being asleep, was "particularly susceptible to the criminal conduct."  Horton argues that because the victim was asleep, she must *not* be vulnerable, reasoning that the victim's lack of awareness of Horton's crime prevents her from being "vulnerable" as defined in the Guidelines.

We apply a three-step analysis to a decision to apply the vulnerable victim enhancement:

> The enhancement may be applied where: (1) the victim was particularly
> susceptible or vulnerable to the criminal conduct; (2) the defendant knew or
> should have known of this susceptibility or vulnerability; and (3) this

---

[8] We review a District Court's application of the Sentencing Guidelines *de novo* and its application of facts for clear error.  *United States v. Richards*, 674 F.3d 215, 218-20 (3d Cir. 2012).

[9] U.S.S.G. § 3A1.1.

[10] *Id.* cmt. n.2.

vulnerability or susceptibility facilitated the defendant's crime in some manner; that is, there was 'a nexus between the victim's vulnerability and the crime's ultimate success.'[11]

While she was asleep, the victim was unable to object to or halt any criminal conduct. Horton was aware that the victim was asleep, and he was able to more easily photograph the victim's genitals because she was asleep. Thus, we find the District Court properly applied the vulnerable victim enhancement.

The second enhancement Horton challenges is an enhancement to his possession count for engaging in a pattern of abusive or coercive sexual activity with a child.[12] A "pattern" of activity consists of "any combination of two or more separate instances of sexual abuse or exploitation of a minor," whether or not these instances occurred during the course of the charged offense or resulted in a conviction.[13] Using or inducing a child to pose for child pornography images—the offense of which Horton was convicted on ten counts—is explicitly included in the definition of "sexual abuse or exploitation" in the Guidelines,[14] and provided the basis for the enhancement to Horton's possession count. Horton argues that the enhancement was improperly applied because the application of the enhancement was triggered by a possession offense, rather than a distribution offense, and the enhancement was designed to punish behavior more serious than mere possession. However, the Guidelines themselves specifically list "possessing material involving the sexual exploitation of a minor" as one of the base offenses to which the

---

[11] *United States v. Iannone*, 184 F.3d 214, 220 (3d Cir. 1999) (quoting *United States v. Monostra*, 125 F.3d 183, 190 (3d Cir. 1997).
[12] U.S.S.G. § 2G2.2.
[13] *Id.* cmt. n.1.
[14] *Id.*

enhancement can be applied.  The apparent rationale of the enhancement—to discourage repeated instances of abuse or exploitation of minors—is no less relevant to an offender convicted of a possession offense than to one convicted of distributing child pornography. We therefore find that the District Court properly applied this enhancement.

## IV.

For the reasons set forth above, we will affirm the judgment of the District Court.